UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE DIVISION

| | |
|---|---|
| ROBERT F. SINEGAL | DOCKET NO. 6:25-cv-0572 |
| VERSUS | JUDGE JAMES D. CAIN, JR. |
| USA, ET AL | MAGISTRATE JUDGE WHITEHURST |

**REPORT AND RECOMMENDATION**

Before the court is a civil rights complaint [doc. 1] filed pursuant to 42 U.S.C. § 1983 by plaintiff Robert F. Sinegal, who is proceeding pro se and *in forma pauperis* in this matter.

For reasons stated below IT IS RECOMMENDED that the complaint be DISMISSED WITH PREJUDICE as frivolous and for failing to state a claim for which relief may be granted, pursuant to the provisions of 28 U.S.C. § 1915(e)(2), and all pending motions denied as moot.

I.  **BACKGROUND**

Plaintiff brings the instant suit against the United States of America, Detective Rick Sarsfield and David Hastings. He alleges that Detective Rick Sarsfield attended his parole hearing and filed a false statement so that he would be denied parole. Doc. 1, p. 3. He asserts that David Hastings, Probation and Parole Supervisor, denied his due process at his parole hearing by not allowing him to call witnesses or face his accusers. *Id*. Finally, he contends that the "United States of America guarantees that the government would not abridge the privileges or immunities of citizens of U.S.A. by the 14th Constitution of the United States." *Id*.

II.  **LAW & ANALYSIS**

A.  *Frivolity Review*

Sinegal has been granted leave to proceed in forma pauperis in this matter. Accordingly, his complaint is subject to screening under 28 U.S.C. § 1915(e)(2), which provides for *sua sponte*

dismissal of the complaint or any portion thereof if the court determines that it is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B)(i)–(iii).

A complaint is frivolous if it lacks an arguable basis in law or fact. *Gonzalez v. Wyatt*, 157 F.3d 1016, 1019 (5th Cir. 1998). A complaint fails to state a claim upon which relief may be granted if it is clear the plaintiff cannot prove any set of facts in support of his claim that would entitle him to relief. *Doe v. Dallas Indep. Sch. Dist.*, 153 F.3d 211, 215 (5th Cir. 1998). When determining whether a complaint is frivolous or fails to state a claim upon which relief may be granted, the court must accept plaintiff's allegations as true. *Horton v. Cockrell,* 70 F.3d 397, 400 (5th Cir. 1995) (frivolity); *Bradley v. Puckett*, 157 F.3d at 1025 (failure to state a claim).

### B. *Section 1983/Bivens*

Federal law provides a cause of action against any person who, under the color of state law, acts to deprive another of any right, privilege, or immunity secured by the Constitution and laws of the United States. 42 U.S.C. § 1983. In order to hold the defendant liable, a plaintiff must allege facts to show (1) that a constitutional right has been violated and (2) that the conduct complained of was committed by a person acting under color of federal law; that is, that the defendant was a government actor. *See West v. Atkins*, 108 S. Ct. 2250, 2254–55 (1988).

### C. *Application*

#### a. *Monetary Relief*

Plaintiff seeks one million dollars for claims that his due process rights were violated at his March 27, 2025 parole hearing. He alleges that Defendant Sarsfield gave false information at the hearing and that Supervisor Hastings would not allow him to call witnesses or face his accusers.

Plaintiff's attempt to recover damages for an allegedly unconstitutional denial of his parole is premature. *Edwards v. Tex. Bd. of Pardons & Paroles*, 2016 U.S. Dist. LEXIS 966, *18 (S.D. Tex. Jan. 6, 2016). Plaintiff will have to successfully challenge his parole revocation through a habeas proceeding before he may bring a civil rights action complaining about the parole revocation proceedings. *Id*. Plaintiff's claims seeking damages for the revocation of his parole are barred by the doctrine enunciated by the Supreme Court in *Heck v. Humphrey*, 512 U.S. 477 (1994). *Id*. In *Heck*, the Court held that "in order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been [overturned]." *Id*. (citing *Heck*, 512 U.S. at 486-87). The Fifth Circuit has explained that "[i]t is well-settled under *Heck* that a plaintiff who has been convicted of a crime cannot recover damages for an alleged violation of his constitutional rights if that 'violation arose from the same facts attendant to the charge for which he was convicted....'" *Id*. (citing *Bush v. Strain,* 513 F.3d 492, 497 (5th Cir. 2008) (quoting *Heck*, 512 U.S. at 486-87)). The *Heck* doctrine also operates to bar prisoners from challenging the revocation of their parole through a § 1983 action. *Id*. (citing *Littles v. Bd. of Pardons and Paroles Div*., 68 F.3d 122, 123 (5th Cir. 1995); *McGrew v. Texas Bd. of Pardons and Paroles*, 47 F.3d 158, 161 (5th Cir. 1995).

Plaintiff cannot maintain a § 1983 damage claim unless or until he has successfully set aside the challenged parole hearing decision. As plaintiff has not represented that he filed a habeas corpus petition challenging the parole hearing decision, his claims against all defendants regarding the parole hearing are barred by *Heck*, and it is respectfully recommended that they be dismissed with prejudice.

### b. Release from Custody/Clear Criminal Records

In addition to his request for one million dollars, Plaintiff also asks that this Court "clear [his] criminal records" and "remove defendant from law enforcement." Doc. 1, p. 7. Such relief is not available in a civil rights action. *Carson v. Johnson*, 112 F.3d 818, 820 (5th Cir.1997). Such relief is available, if at all, in a habeas corpus action. To the extent that he maintains that his custody is pursuant to the judgment of a state court, he must seek relief in a petition for habeas corpus pursuant to 28 U.S.C. §2254; to the extent that he otherwise claims that his incarceration is in violation of the Constitution and laws of the United States, he must seek relief in a petition filed pursuant to 28 U.S.C. §2241. In either case, he must first exhaust available state court remedies by fairly presenting the substance of his Constitutional claims to Louisiana's court system.

Since release from custody is not available in this proceeding, plaintiff fails to state a claim for which relief may be granted and therefore his requests for release from custody should be dismissed for failing to state a claim for which relief may be granted.

### III. CONCLUSION

For reasons stated above, **IT IS RECOMMENDED** that this matter be **DISMISSED WITH PREJUDICE** as frivolous and for failing to state a claim for which relief may be granted, pursuant to the provisions of 28 U.S.C. § 1915(e)(2).

**IT IS FURTHER RECOMMENDED** that all pending motions be denied as moot.

Pursuant to 28 U.S.C. § 636(b)(1)(C) and Rule 72(b) of the Federal Rules of Civil Procedure, the parties have fourteen (14) days from receipt of this Report and Recommendation to file written objections with the Clerk of Court. Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days of receipt shall bar an aggrieved party from attacking

-5-

either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1429–30 (5th Cir. 1996).

  **THUS DONE AND SIGNED** in chambers this 22nd day of May, 2025.

_____
**CAROL B. WHITEHURST**
**UNITED STATES MAGISTRATE JUDGE**